UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER HITCHCOCK, | ) |
| | ) |
| Petitioner, | ) |
| | )   1:13-cr-00022-JAW |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON GOVERNMENT'S MOTION TO COMPLY**

Petitioner Christopher Hitchcock filed a motion for relief from his sentence. (Motion, ECF No. 68.) Petitioner argues that he is entitled to relief because Court considered at sentencing some state charges that were pending at the time of his federal sentencing, but which were later dismissed.[1] (Motion at 2; Attachment to Motion, ECF No. 68-2 at 2, 3; Response, ECF No. 75 at 3.)

The Government filed a "motion to comply" in which motion the Government requests the Court, in accordance with *Castro v. United States*, 540 U.S. 375 (2003), (1) inform Petitioner that his Rule 60(b) motion may be recharacterized as a first 28 U.S.C. § 2255 motion; (2) advise Petitioner that the recharacterization will subject him to the provisions of section 2255(h), should he at some point in the future request to file a second or successive section 2255 motion; and (3) allow Petitioner the opportunity to either withdraw his Rule 60(b) motion or file an amended section 2255 motion. (Motion, ECF No. 74.)

---

[1] The copies of the state court dismissals attached to Petitioner's motion reflect that the State dismissed the indictments pursuant to M.R. Crim. P. 48(a) because Petitioner is serving a 20-year federal sentence for transportation of child pornography, i.e., the federal sentence from which Petitioner seeks relief in the pending motion. (Attachment to Motion, ECF No. 68-2 at 2, 3.)

Although Petitioner filed his motion pursuant to Fed. R. Civ. P. 60(b), Rule 60(b) is not applicable to criminal proceedings and, therefore, his motion for relief from the sentence may not proceed as a Rule 60(b) motion. *See Enwonwu v. United States*, 199 F. App'x 6, 6 n.2 (1st Cir. 2006) (noting that Fed. R. Civ. P. 60(b) applies to civil cases only, "and therefore cannot serve as a means of seeking relief from a criminal conviction"); *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (same).[2]

Because Petitioner seeks relief from his sentence, his motion, in substance, is a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.[3] In *Castro*, the Supreme Court wrote:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. § 2255, ¶ 8. In light of these consequences, we hold that the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

---

[2] In his response to the Government's motion to comply, Petitioner argues that if his motion cannot proceed under Fed. R. Civ. P. 60(b), it may proceed under Fed. R. Civ. P. 59(e), 18 U.S.C. § 3582(c)(2), or Fed. R. Crim. P. 35(a). (Response, ECF No. 75 at 3.) None of these applies. Fed. R. Civ. P. 59(e), like Rule 60(b), applies to civil actions only. Title 18 U.S.C. § 3582(c)(2) applies only when the Sentencing Commission has lowered the sentencing range. Fed. R. Crim. P. 35(a) applies only to "arithmetical, technical, or other error" within fourteen days after sentencing. *See United States v. Sevilla-Oyola*, 770 F.3d 1, 10 (1st Cir. 2014).

[3] Title 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

540 U.S. at 377.[4]  The Supreme Court also explained that the reason for permitting a petitioner to amend the motion is "so that it contains all the § 2255 claims he believes he has." *Id.* at 383.  Given the relief Petitioner seeks, the recharacterization of Petitioner's motion as a section 2255 motion is appropriate.  The *Castro* notice is thus warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court (a) grant the Government's motion to comply (ECF No. 74); (b) advise Petitioner that the Court has construed his pro se filing (ECF No. 68) to be a first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255; (c) advise Petitioner that if at some point in the future Petitioner files a second or successive section 2255, the recharacterization of this first section 2255 motion will subject him to the restrictions that 28 U.S.C. § 2255 imposes on second or successive collateral challenges; and (d) permit Petitioner fourteen (14) days following the Court's order either to withdraw or to amend his motion if he wishes to do so.[5]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[4] When *Castro v. United States*, 540 U.S. 375 (2003) was decided, what is now codified at 28 U.S.C. § 2255(h) was codified at section 2255(8).  The restrictions on second or successive motions thus now appear in section 2255(h) and in 28 U.S.C. § 2244, which is referenced in section 2255(h).

[5] If Petitioner chooses to amend his motion, any new claims must be timely or must relate back to his initial section 2255 filing.  *See United States v. Miller*, 2014 WL 3734212, at *2, 2014 U.S. Dist. Lexis 102124, at *5-6 (N.D. Ga. July 28, 2014); *Young v. United States*, 2011 WL 5552893, at *1, 2011 U.S. Dist. Lexis 131867, at *3-5 (S.D. Ohio Nov. 15, 2011).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of August, 2016.