UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTOPHER HITCHCOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13-cr-00022-JAW |
| | ) | 1:17-cv-00201-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Christopher Hitchcock moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.[1] (Motion, ECF No. 68.) Petitioner contends that he is entitled to relief because two state charges the Court considered at sentencing were later dismissed. (Motion at 2; Attachment to Motion, ECF No. 68-2 at 2, 3.)

Following a guilty plea, Petitioner was convicted of transportation of child pornography, 18 U.S.C. §§ 2252A(a)(1), (b)(2); the Court sentenced Petitioner to a term of 240 months in prison, to be followed by a term of 20 years of supervised release. (Judgment, ECF No. 54 at 1-3.) The First Circuit upheld the sentence on appeal. *United*

---

[1] Petitioner filed the motion pursuant to Fed. R. Civ. P. 60(b). (Motion, ECF No. 68.) The Court granted the Government's motion to comply with *Castro v. United States*, 540 U.S. 375 (2003). (Recommended Decision, ECF No. 77; Order Affirming, ECF No. 78.) In accordance with *Castro*, the Court advised Petitioner (1) that the Court construed ECF No. 68 as a section 2255 motion; (2) that if at some point in the future Petitioner files a second or successive section 2255 motion, it would be subject to the restrictions placed on such motions; and (3) that Petitioner had fourteen days either to withdraw the motion or to amend it if he so chose. (Order Affirming at 1-2.) Petitioner did not withdraw or amend the motion.

*States v. Hitchcock*, No. 14-1471 (1st Cir. June 25, 2015). The Government seeks dismissal of the section 2255 motion. (Response, ECF No. 82 at 1.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in February 2013 on three counts: the child pornography transportation charge of conviction, and additional charges of receipt and possession of child pornography that later were dismissed pursuant to a plea agreement. (Indictment, ECF No. 2; Plea Agreement, ECF No. 37 at 2; Sentencing Tr., ECF No. 60 at 41; Judgment at 1.) Following a plea hearing, the Court accepted Petitioner's guilty plea to the charge of transportation of child pornography. (Indictment at 1; Plea Tr., ECF No. 61 at 24.)

At sentencing, in the Court's assessment of the sentencing factors under 18 U.S.C. § 3553(a), the Court found by a preponderance of the evidence that Petitioner committed the acts that led to the two state charges that were pending at the time of Petitioner's federal sentencing. (Sentencing Tr. at 11-17.) One state charge against Petitioner alleged attempted gross sexual assault and visual sexual aggression against a child on August 16, 2011, and the other charge alleged visual sexual aggression and a violation of a condition of release on February 8, 2013. (*Id.* at 11.) The Court found that the timing of the two incidents, both of which occurred after Petitioner's May 2011 interview for possible possession of child pornography on his computer, demonstrated that Petitioner was not able to control himself even when it was "imperative" for his own sake

that he do so. (*Id.* at 17, 33.) The Court concluded that the sentence imposed was necessary to protect the public. (*Id.* at 33-34.)

Petitioner appealed from the sentence and challenged the reasonableness of the sentence; the First Circuit affirmed. *Hitchcock*, No. 14-1471 (1st Cir. June 25, 2015). The First Circuit concluded, among other things, that the sentencing court "was permitted to base its sentencing decision in part on Hitchcock's pending state charges and criminal history." *Id.* at 1-2 (citing *United States v. Fermin*, 771 F.3d 71, 82 (1st Cir. 2014) (noting that "a preponderance-of-the-evidence standard applies to the sentencing court's factual findings")); *see United States v. Watts*, 519 U.S. 148, 156 (1997) (per curiam) ("[W]e have held that application of the preponderance standard at sentencing generally satisfies due process.")

## II. DISCUSSION

Petitioner contends that the dismissal of the state charges after his federal sentencing entitles him to resentencing. (Motion at 2.)

In *Fermin*, the First Circuit noted that "it remains the law in this Circuit that acquitted conduct can form the basis of a sentence enhancement." 771 F.3d at 82 (citing *United States v. Gobbi*, 471 F.3d 302, 314 (1st Cir. 2006)). The First Circuit's holding in *Fermin* is consistent with *Watts*, in which the Supreme Court held, based in part on 18 U.S.C. § 3661, that a sentencing court may consider charges of which a defendant has

3

been acquitted.[2] *Watts*, 519 U.S. at 149; *see United States v. Delgado-Sánchez*, 849 F.3d 1, 5, 13 (1st Cir. 2017) (holding that the sentencing court did not plainly err when it considered dismissed charges as part of its evaluation of the sentencing factors under 18 U.S.C. § 3553(a)) (citing *Watts*); *United States v. Diaz-Arroyo*, 797 F.3d 125, 129 (1st Cir. 2015) (noting that the sentencing court has "broad discretion" to consider, among other things, previously dismissed charges); *United States v. Vickers*, --- F. App'x ---, ---, 2017 WL 1735279, at *3, 2017 U.S. App. Lexis 7832, at *6-7 (8th Cir. May 3, 2017) (per curiam) (unpublished) (holding that prior criminal conduct, proven by a preponderance of the evidence, may be considered under section 3553(a), "regardless of whether the defendant has been charged or convicted for that conduct").

Because dismissed charges of prior criminal conduct may be considered at sentencing under section 3553(a), given the Court's findings at sentencing, Petitioner's contention that the Court should vacate his sentence because the state court charges were dismissed is unpersuasive. Petitioner, therefore, is not entitled to relief.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the

---

[2] Title 18 U.S.C. § 3661 states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of June, 2017.